The appellant was given a fine of $75 on a charge which probably attempted to invoke Section 1 of Article 567b of Vernon's Ann.Penal Code. I quote from the brief of the State's Attorney as follows:

"The information alleges 'that one Alvin Nobles, hereinafter styled Defendant, heretofore on or about the 20 day of Aug. 1945, in the County of Dallas and State of Texas, did unlawfully and with the intent to defraud Albert Reagan,

" '(a) Obtain from the said Albert Reagan certain (service), to-wit: Two Writ hearing & recovering certain property of the value of $35.00 Dollars, which said check was then and there of the tenor following:

Dallas, Texas, Aug. 20, 1945 No. .——
Mercantile National Bank
Pay to the Order of Albert Reagan
$35.00/100
Thirty-Five and No/100 Dollars.

Alvin Nobles

with which said bank (person) (firm) (corporation) the defendant did not at the time said check (draft) was so given and drawn have sufficient funds to pay such check (draft) and all other checks and drafts upon said funds outstanding at the time said check (draft) was so given and drawn, Against the peace and dignity of the State.' "

The brief further says that the allegation in the complaint and information "seems to be ambiguous, uncertain, and incapable of an intelligent construction." It is further observed that there is no allegation that the appellant gave or drew said check. He also observes that the proof is insufficient, and finds a fatal variance between the allegations and proof.

Our examination of the record leads us to concur with all of the observations of the State's Attorney.

The judgment of the trial court is reversed and it is directed that the prosecution be dismissed.

## BARBER v. STATE.
### No. 23541.

Court of Criminal Appeals of Texas.
Jan. 15, 1947.

No appearance for appellant.

Earnest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Appellant was convicted on a charge of possessing whisky for the purpose of sale in a dry area, and his punishment assessed at a fine of $750.

The record is before us without a statement of facts or bills of exception. Nothing is presented for the consideration of this court.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.